IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BLAYNE L. BOOTH, LORI K. BOOTH,
ALEXANDRA R. BOOTH, and
JACOB A. BOOTH,

          Plaintiffs,

v.                                                        Civ. No. 06-1219  JP/KBM

KIT, INC., a New Mexico corporation,
SURENDRA B. SHARMA,
TNJ CONSTRUCTION AND
MANAGEMENT, a general partnership of
Tusharkumar A. Patel and Jayesh A. Patel,
AQUATIC POOLS, INC., a New Mexico
corporation, GRAHAM MECHANICAL, a
general partnership of Shannon Graham and
Cheyene Graham, MIDSOUTH CONST., INC.,
a New Mexico corporation, A&K
MECHANICAL CONTRACTORS, LLC, a
New Mexico Limited Liability Company,

          Defendants.

## ORDER

On March 16, 2009, Defendants Kit, Inc., Surendra B. Sharma, and TNJ Construction and Management filed Defendants' Joint Motion in Limine to Exclude Evidence of Indemnification and Vicarious Liability (Doc. No. 379). Defendants seek to exclude "evidence of Kit's claim for contractual and common law indemnification from TNJ Construction and Management ("TNJ") and of the Court's ruling regarding Kit's vicarious liability for negligence of TNJ and certain subcontractors." Defendants also seek to exclude references by Plaintiffs' counsel to Kit's cross-claim and vicarious liability. Defendants argue that Kit and Sharma's cross-claim will only arise if Kit and Sharma are held liable and that the cross-claim is purely legal and can be resolved after trial. Defendants also argue that evidence of Kit's vicarious liability will confuse the jury when it allocates comparative fault.

Depending on evidence admitted at trial, the jury may find comparative fault among the remaining Defendants, the Defendants who have settled, the bankrupt Defendant, and other persons or entities. *Torres v. El Paso Elec. Co.*, 987 P.2d 386, 391 (N.M. 1999), *overruled on other grounds*, *Herrera v. Quality Pontiac*, 73 P.3d 181 (N.M. 2003); *see also* Docs. No. 337, 338 (allowing for comparative fault to be allocated to governmental inspectors). Even if evidence of Kit's cross-claim or vicarious liability has some minor relevance under Federal Rule of Evidence 401, such evidence fails to satisfy Rule 403 because its probative value is substantially outweighed by the danger of confusion of the issues and misleading the jury. Evidence that bears on how damages may be shifted by legal rules after comparative fault has been determined will not only confuse the jury when performing its responsibility of assigning comparative fault, it will make the task seem a meaningless exercise. Therefore, evidence of and references to Kit's cross-claim and vicarious liability should be excluded.

**IT IS ORDERED THAT:**

1) Defendants' Joint Motion in Limine to Exclude Evidence of Indemnification and Vicarious Liability (Doc. No. 379) is GRANTED; and

2) No evidence may be introduced of or reference made to Defendant Kit, Inc.'s claim for contractual and common law indemnification from Defendant TNJ Construction and Management; and

3) No evidence may be introduced of or reference made to Defendant Kit, Inc.'s vicarious liability for negligence of Defendant TNJ Construction and Management or others.

_____
SENIOR UNITED STATES DISTRICT JUDGE